# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PTM DEVELOPMENT COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07-CV-539-CVE-SAJ |
| ) | |
| NICHOLAS F. LELAND, ) | |
| ) | |
| Defendant and Third- ) | |
| Party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| P. THOMAS MANN, ) | |
| ) | |
| Third-Party Defendant. ) | |

## OPINION AND ORDER

This matter comes on for consideration of the following motions: Plaintiff, PTM Development Company's, Motion to Strike Third-Party Complaint and Brief in Support (Dkt. # 17); Third-Party Defendant P. Thomas Mann's Special Appearance, Motion to Strike and/or Dismiss Third-Party Complaint and Brief in Support (Dkt. # 18); and defendant's Motion to Consolidate Cases (Dkt. # 12).[1]

### I.

On July 20, 2007, PTM Development Company ("PTM") filed a lawsuit against Nicholas F. Leland ("Leland") in Tulsa County District Court alleging that Leland failed to repay a promissory note. The promissory note was executed on July 3, 2002 in the amount of $556,000,

---

[1] The parties have also filed various motions to strike documents or pleadings, and these motions to strike will be addressed in connection with the underlying motion to which the motion to strike applies.

with interest accruing at ten percent per annum. The amended complaint alleges that PTM extended the time for repayment twice, but Leland failed to repay the full amount outstanding on the promissory note. PTM alleges that, on February 17, 2003, Leland agreed to repay the full amount of principal and sixteen percent per annum in interest from that date until the note was fully paid. Leland subsequently failed to repay the note, and PTM made demand for immediate payment. PTM claims that Leland refused to pay the remaining balance, and the amount owing on the note at this time is $473,738.18 in principal and interest.

Leland removed this case to federal court on September 23, 2004 on the basis of diversity jurisdiction. He filed a third-party complaint (Dkt. # 9) alleging claims for breach of contract and indemnification against P. Thomas Mann ("Mann"). Specifically, Leland alleges that Mann executed a promissory note on November 21, 2000, in which he agreed to repay Leland $500,000, and Mann executed a separate promissory note agreeing to repay Leland $210,000 on November 7, 2002. Leland asserts that Mann is a "principal" of PTM and that his loans to Mann "arose from a series of transactions and occurrences that also give rise to the loan that is subject" of PTM's amended complaint. Dkt. # 9, at 2. The breach of contract and indemnification claims are based on the same set of facts but, as a basis for indemnification, Leland alleges that if he is "found liable to Plaintiff for damages on the claim presented in Plaintiff's [amended complaint], such damages are the result of the conduct of Mann or other third-parties over whom Leland has no control." Id. at 3.

PTM and Mann have each filed a motion to strike Leland's third-party complaint pursuant to Fed. R. Civ. P. 14(a), because Leland's third-party claims are not related to the relief PTM seeks

from Leland. In response to each motion, Leland has submitted an affidavit expanding upon the allegations of the third-party complaint concerning Mann's involvment. Leland states:

a. Tom Mann was at the center of all the transactions giving rise to the Plaintiff's claims and the Defendant's Third-Party claims in this action. He was at the center of a series of transactions whereby he borrowed money from Leland and loaned money to Leland. Mann agreed to forgive certain indebtedness of Leland, agreed to have Leland forgive certain indebtedness of Mann, agreed to mutual setoffs between them and agreed to conduct future business transactions between themselves and entities in which Mann was a principal, all as consideration for the agreed setoffs and forgiven debt.

b. Mann, at all times pertinent hereto, held himself out as a principal/authorized representative of Plaintiff herein. He indicated he was making the agreements for his individual benefit and the benefit of Plaintiff herein. Mann verbally agreed with Leland, after the execution of the promissory notes which are the subject of Plaintiff's claims in each of the lawsuits, to forgive, or cause to be forgiven, certain of the balances owed by Leland. This forgiveness was to be in exchange for consideration given by Leland in the form of setoffs and/or debt forgiveness relating to obligations of Mann.

Dkt. # 24, Ex. A, at 1; Dkt. # 26, Ex. A, at 1. However, these assertions are not included in Leland's third-party complaint.

Leland asks the Court to consolidate this case with PHR, LLC v. Leland, 07-CV-540-CVE-SAJ ("PHR case"), because both cases involve Leland's alleged default on a promissory note. Leland is defendant in both cases, but he acknowledges that the cases were filed by different plaintiffs and the cases concern different promissory notes. However, Leland claims that he has raised similar defenses and has filed identical third-party claims in each case. PTM responds that the PTM case is factually distinct from this case and consolidation of the cases would confuse the issues and delay resolution of both cases.

**II.**

PTM and Mann have filed motions to strike defendant's third-party complaint pursuant to Fed. R. Civ. P. 14 or, in the alternative, to dismiss defendant's third-party complaint for failure to state a claim. Defendant responds that his third-party claims have a logical relationship to plaintiff's claims, and public policy favors trying his third-party claims along with plaintiff's claims. PTM and Mann have each filed a motion to strike (Dkt. ## 27, 28) an affidavit attached to defendant's responses, because the affidavit contains matters outside of the pleadings. PTM and Mann acknowledge that the Tenth Circuit has not ruled on the scope of a court's review under Rule 14(a), but they cite one case limiting a court's review of a Rule 14(a) motion to strike to the well-pleaded allegations of the third-party complaint. See Roth v. Great Atlantic & Pacific Tea Co., 12 F.R.D. 383 (E.D.N.Y. 1952). Given that there is no clear rule requiring the Court to exclude reference to matters outside of the pleadings, the Court will exercise its discretion to consider defendant's affidavit to the limited extent it contains matters outside of the third-party complaint. The motions to strike Leland's affidavit are denied.[2]

Fed. R. Civ. P. 14(a) permits a defendant/third-party plaintiff to implead a "person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." However, a defendant does not have an absolute right to join third parties. Reynolds v. Rick's Mushroom Service, Inc., 2006 WL 1490105, *3 (E.D. Pa. May 26, 2006). A third party complaint must state claims that are dependent on or derivative of the plaintiff's claims. Bank of India v. Trendi Sportswear, Inc., 239 F.3d 428, 437 (2d Cir. 2000); Israel

---

[2] Instead of filing motions to strike, PTM and Mann could have filed replies in support of their original motions and addressed the assertions made in defendant's affidavit. Neither PTM nor Mann filed a reply and, by waiving this opportunity, they should not be heard to complain if the Court decides to consider the affidavit when ruling on the underlying motions.

4

Discount Bank Ltd. v. Entin, 951 F.2d 311, 314 n.6 (11th Cir. 1992); Hartford Acc. & Indem. Co. v. Sullivan, 846 F.2d 377, 381 (7th Cir. 1988). "It is not permissible to bring in a person as a third party defendant simply because he is or may be liable to the Plaintiff." Weil v. Dreher Pickle Co., 76 F.R.D. 63, 64 (W.D. Okla. 1977). The decision to permit a defendant to join additional parties with a third-party complaint is committed to the discretion of the trial judge. United States Fidelity & Guar. Co. v. Perkins, 388 F.2d 771, 773 (10th Cir. 1968).

Any party, including the plaintiff, may file a motion to strike a third-party complaint. Fed. R. Civ. P. 14(a); Arthur Andersen LLP v. Standard & Poor's Credit, 260 F. Supp. 2d 1123, 1125 (N.D. Okla. 2003). When considering a motion to strike a third-party complaint, a court should "balance the benefits of allowing the claim to proceed against the potential prejudice to the plaintiff and the defendant in the lawsuit." In re CFS-Related Securities Fraud Litigation, 213 F.R.D. 435, 437 (N.D. Okla. 2003). Factors that a court can consider include the prejudice to each party if a third-party claim is permitted and the delay in seeking impleader. Id.

In this case, Leland's third-party complaint is improper under Rule 14(a) and it should be stricken. It is not enough for Leland to make vague allegations that the promissory notes executed between himself and Mann arose from a series of transaction and occurrences giving rise to plaintiff's claim. See Blais Const. Co., Inc. v. Hanover Square Associates, 733 F. Supp. 149, 152 (N.D.N.Y. 1990) (dismissing third-party claim arising out of same set of facts as the plaintiff's claim because it was a "separate and independent claim"). Instead, he must show that his third-party claims are derivative of plaintiff's claims. Defendant's breach of contract claim is clearly not derivative of plaintiff's claims, because it involves two promissory notes executed between himself and Mann. The existence of promissory notes between defendant and a third-party has no bearing

on plaintiff's claims against defendant. See King Fisher Marine Serv., Inc. v. 21st Phoenix Corp., 893 F.2d 1155, 1158 n.1 (10th Cir. 1990) ("Rule 14's provision for impleading parties is narrow: the third-party claim must be derivative of the original claim."). The breach of contract claim is simply a method for defendant to collect money that could potentially be used to pay off any judgment in favor of plaintiff. This is not a derivative claim under Rule 14(a).

Turning to defendant's indemnification claim, the Court finds that defendant has not actually stated a claim for indemnification. Defendant has not alleged contractual indemnification, but, instead, he alleges that "[i]n the event Leland is found liable to Plaintiff for damages on the claim presented in Plaintiff's [amended complaint], such damages are the result of the conduct of Mann or other third-parties over whom Leland has no control." Dkt. # 9, at 3. This simply a defense to plaintiff's claims, but it is not actually an independent claim for indemnification under Oklahoma law.[3] To state a claim for indemnification, defendant must allege that "one party has a primary liability or duty that requires that party to bear the whole of the burden as between certain parties." Caterpillar Inc. v. Trinity Indus., Inc., 134 P.3d 881, 886 (Okla. Civ. App. 2005) (quoting Thomas v. E-Z Mart Stores, Inc., 102 P.3d 133, 139 (Okla. 2004)). Defendant alleges that Mann, not defendant, may have caused plaintiff's injury, and he bases this claim on the same facts used to support his breach of contract claim. The fact that Mann may owe money to defendant is not the same as asserting that Mann has a duty to indemnify defendant against plaintiff's claims. This claim is not dependent on or derivative of plaintiff's claims against defendant, and it is not the proper basis

---

[3] Defendant cites one case in support of his argument that he has stated a claim for indemnification. See United States v. Scott, 18 F.R.D. 324 (S.D.N.Y. 1955). However, the Court is bound to apply Oklahoma precedent when determining defendant's right to indemnification, and the case cited by defendant is not applicable.

6

for a third-party claim under Rule 14.  Therefore, the third-party complaint should be stricken in its entirety.

### III.

Defendant asks the Court to consolidate this case with the PHR case based on the existence of similar legal and factual issues in both cases.  He argues that:

> [t]he defenses asserted by Leland in each of the cases are common and involve similar facts and legal theories.  The third-party complaints in each of the actions are common and involve similar facts and legal theories.  The documentary evidence and witness testimony, which will be relevant to Plaintiff's claims in each of the cases, Leland's defenses in each of the cases, and Leland's third-party claims in each of the cases, overlap and arise from the same series of transactions or occurrences.  The evidence as to certain issues will be identical in each of the cases.

Dkt. # 13, at 2.  Plaintiff's response to defendant's motion to consolidate was due on October 29, 2007, but plaintiff did not file a response until November 2, 2007.  <u>See</u> Dkt. # 22.  Defendant has filed a motion to strike (Dkt. # 25) plaintiff's response under LCvR. 7.2(e), because the response was untimely.  Defendant is correct that plaintiff's response was filed out of time and plaintiff did not request an extension of time to file a response.  Therefore, defendant's motion to strike the response (Dkt. # 25) should be granted.[4]  Although plaintiff's response has been stricken, the Court must still review defendant's motion to determine if this case and the PHR case should be consolidated under Fed. R. Civ. P. 42(a).

---

[4] On November 29, 2007, plaintiff filed a motion (Dkt. # 29) requesting permission to file its response to defendant's motion to consolidate out of time.  Plaintiff states that it incorrectly miscalculated the date to file a response.  However, plaintiff's motion to file a response out of time was filed approximately one month after its response was due, and the Court finds that plaintiff's motion is untimely.  Therefore, plaintiff's motion to file a response out of time is denied.

7

Rule 42(a) permits a court to consolidate "actions involving a common question of fact or law . . . to avoid unnecessary costs or delay." The decision to consolidate cases "which appear to be of like nature and concern themselves with the same or similar questions rests within the sound discretion of the trial court." Skirvin v. Mesta, 141 F.2d 668, 672-73 (10th Cir. 1944). A court should not consolidate cases when confusion or prejudice may result from consolidation of separate cases. St. Paul Fire & Marine Ins. Co. v. King, 45 F.R.D. 519, 520 (W.D. Okla. 1968). The party seeking consolidation has the burden to show the benefits of consolidation or the risk of injury to the moving party if the actions are not consolidated. Shump v. Balka, 573 F.2d 1341, 1344 (10th Cir. 1978). The mere fact that a defendant has been sued in separate cases involving similar subject matter does not require a court grant a motion to consolidate. American Emp. Ins. Co. v. King Resources Co., 545 F.2d 1265, 1269-70 (10th Cir. 1976).

Defendant's motion fails to identify any specific questions of law or fact that are common to both cases, and his arguments are simply to vague to support consolidation of this case with the PHR case. The Court has reviewed the pleadings in both cases, and finds that different plaintiffs and different promissory notes are involved in each case. Based on the Court's decision to strike defendant's third-party complaint, defendant's argument concerning the existence of identical third-party claims no longer supports consolidation. Defendant makes vague allegations that Mann was involved in a series of transactions or occurrences giving rise to both cases, but this is insufficient. Although both cases involve the same defendant and allegations that he has defaulted on a promissory note, this is not enough to justify consolidation of this case with the PHR case. Therefore, defendant's motion to consolidate should be denied.

**IT IS THEREFORE ORDERED** that Plaintiff, PTM Development Company's, Motion to Strike Third-Party Complaint and Brief in Support (Dkt. # 17) and Third-Party Defendant P. Thomas Mann's Special Appearance, Motion to Strike and/or Dismiss Third-Party Complaint and Brief in Support (Dkt. # 18) are **granted**, and Leland's third-party complaint (Dkt. # 9) is **stricken**. Defendant's Motion to Consolidate Cases (Dkt. # 12) is **denied**.

**IT IS FURTHER ORDERED** that Defendant/Third-Party Plaintiff's Motion to Strike Plaintiff's Response and Objection to Defendant/Third-Party Plaintiff's Motion to Consolidate and Brief in Support (Dkt. # 25) is **granted**, and plaintiff's response (Dkt. # 22) is **stricken**. PTM's motion to strike Leland's affidavit (Dkt. # 27) and Mann's motion to strike Leland's affidavit (Dkt. # 28) are **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Response to Defendant/Third-Party Plaintiff's Motion to Consolidate Out of Time (Dkt. # 29) is **denied**.

**IT IS FURTHER ORDERED** that P.Thomas Mann is terminated as a party to this action.

**DATED** this 30th day of November, 2007.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT